DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-20-RLV
(5:05-cr-009-RLV-DCK-13)

| | |
|---|---|
| ANDREW DEWAYNE MCCLELLAND, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on Respondent's Motion to Dismiss Petitioner's Motion to Vacate, (Doc. No. 9). For the reasons that follow, Petitioner's Section 2255 motion will be dismissed as untimely.

**I. BACKGROUND**

On March 29, 2005, Petitioner Anthony Dewayne McClelland was charged in a superseding indictment with conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. §§ 846 and 841. (Criminal Case No. 5:05-cr-009: Doc. No. 60: Superseding Indictment). The Government had previously filed an Information pursuant to 21 U.S.C. § 851, noticing Petitioner's multiple prior drug offenses. (Id., Doc. No. 12: Information Pursuant to 21 U.S.C. § 851). On July 8, 2005, Petitioner pled guilty to the conspiracy count without the benefit of a plea agreement. See (Id., Doc. No. 256: Acceptance and Entry of Guilty Plea).

Before sentencing, the probation officer prepared a Presentence Report ("PSR") in which

she determined that Petitioner was responsible for a marijuana equivalency of at least 10,000 kilograms but less than 30,000 kilograms of marijuana equivalency, leading to a base offense level of 36. (Id., Doc. No. 897 at ¶ 54: PSR). The probation officer also highlighted some of Petitioner's prior drug convictions and recommended that he be sentenced as a career offender, which yielded a base offense level of 37. (Id. at ¶ 60). The probation officer also summarized Petitioner's lengthy criminal history, listing his 20 prior convictions and calculating his criminal history category as VI (based on 35 criminal history points). (Id. at ¶ 89). Also before sentencing, the Government withdrew its Section 851 notice in recognition of Petitioner's substantial assistance. (Id., Doc. No. 530: Notice of Withdrawal).

This Court ultimately sentenced Petitioner to 262 months, the low-end of the career offender range. The Court entered the judgment on May 26, 2006, and an amended judgment on May 4, 2007, from which Petitioner appealed. (Id., Doc. No. 550: Judgment; Doc. No. 757: Amended Judgment). In an unpublished opinion, the Fourth Circuit affirmed Petitioner's conviction and sentence, and entered the mandate on May 27, 2008. (Id., Doc. Nos. 969; 981).

Petitioner placed the instant petition in the prison mail system on February 10, 2012, and it was stamp-filed in this Court on February 13, 2012, nearly four years after the Fourth Circuit's mandate. In his motion, Petitioner alleges that his career offender designation and resulting sentence should be vacated because his prior state convictions could not be used to qualify him as a career offender after United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

**II. STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the

claims set forth therein. After examining the record in this matter and the parties' briefs on Respondent's motion to dismiss, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's judgment became final when his right to file a petition for certiorari expired, or ninety days after entry of the Fourth Circuit's mandate. See Clay v. United States, 537 U.S. 522, 530 (2003). Because Petitioner filed his motion to vacate on or around February

3

13, 2012, nearly four years later, his motion is untimely under Section 2255(f)(1).

Petitioner concedes that he did not file the Section 2255 petition within one year of the date on which his conviction became final. Petitioner argues, however, that because he filed his petition within one year of Simmons the petition is timely under Section 2255(f)(3), which provides that a petition may be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" 28 U.S.C. § 2255(f)(3). Section 2255(f)(3) simply does not apply to render the petition timely, as Simmons is not a Supreme Court case.

Petitioner also contends that he should be entitled to equitable tolling. The Court finds that Petitioner is not entitled to equitable tolling. As the Government points out, regardless of the timeliness of the petition, Petitioner was correctly classified as a career offender, as the PSR identifies numerous prior drug convictions, all of which resulted in sentences greater than one year. See (Criminal Case No. 5:05-cr-009, Doc. No. 897 at ¶¶ 76; 77; 80; 83). The Government further notes that, even if Petitioner were not a career offender, the 262-month sentence he received was still within the range for the otherwise applicable guideline range (total offense level 33, criminal history VI, yielding an advisory range of 235 to 293 months' imprisonment), and it was well within the applicable statutory maximum sentence for his offense. See United States v. Powell, 691 F.3d 554, 563 n.2 (4th Cir. 2012) (King, J., dissenting in part and concurring in the judgment in part).

### IV. CONCLUSION

In sum, Petitioner's Section 2255 is time-barred.

**IT IS THEREFORE ORDERED THAT**:

1. Petitioner's Section 2255 motion, (Doc. No. 1), is dismissed with prejudice as untimely.

2. Respondent's Motion to Dismiss, (Doc. No. 9), is **GRANTED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: November 12, 2013

Richard L. Voorhees
United States District Judge